FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

2012 APR -2 PM 3: 17

U.S.
EASTERN DISTRICT
OF NEW YORK

------------------------------------X
ANIVAL MEJIA, Individually and on
Behalf of All Other Past and Present Similarly
Situated Employees,

             Plaintiffs,

-vs.-

SIMPLY NATURAL FOODS LLC d/b/a SIMPLY
NATURAL FOODS, and ABRAHAM BRACH,

             Defendants.
------------------------------------X

Case No.

**CV12-1593**

COMPLAINT
(CLASS ACTION)

EXATT. LINDSAY, M.J.

Plaintiff Anival Mejia by and through his attorneys, The Law Offices of William Cafaro, on behalf of himself and all other similarly situated past and present employees, respectfully alleges as follows:

## *PRELIMINARY STATEMENT*

1.    This action is being brought pursuant to the Fair Labor Standards Act ("FLSA") and New York State Labor Law ("NYLL") to recover back wages for overtime and spread of hours violations on behalf of the above captioned Plaintiff and his similarly situated co-workers who currently work or have worked for the defendant SIMPLY NATURAL FOODS LLC, which does business as SIMPLY NATURAL FOODS (hereinafter "Simply Natural") and/or its principal ABRAHAM BRACH (hereinafter "Brach").

2. The defendant Simply Natural is an enterprise engaged in packaging chocolate products under the Simply Lite brand. The named plaintiff and other similarly situated employees all performed cleaning and maintenance tasks and/or worked packaging chocolate products. The named plaintiff, as well as other similarly situated past and present employees of the Defendants were required to work very long shifts. The Defendants profited by imposing abusive wage practices on the Plaintiff and those similarly situated, the vast majority of whom are unaware of their rights or fear asserting them. The Defendants engaged in companywide violative wage practices by failing to properly compensate the Plaintiff and similarly situated employees for overtime work performed, failed to compensate them for split-shift and spread-of-hours pay, and even engaged in a regular practice of issuing 2 different paychecks to the employees during the same pay periods, one for 40 hours and the other for the hours in excess of 40, all of which hours were paid at the same hourly rate.

## *THE PARTIES*

3. The plaintiff ANIVAL MEJIA (hereinafter "Mejia") is an individual residing in Brentwood, New York.

4. Upon information and belief, the Defendant Simply Natural was and is a domestic business corporation.

5. Upon information and belief, Simply Natural is a closely held corporation of which the named individual Defendant is the sole principal, and upon information and belief, its principal place of business is located at 74 Mall Drive, Commack, New York 11725.

6. Upon information and belief, the Defendant Simply Natural is engaged in the production, packaging, and distribution of chocolate products to wholesale and retail establishments.

7. Upon information and belief, the Defendant Brach is an individual whose business address is 74 Mall Drive, Commack, NY 11725.

8. Upon information and belief, at all times herein pertinent, the Defendant Brach served as a principal, officer and/or manager of the defendant Simply Natural.

9. At all times herein pertinent, the Defendant Brach exercised close control over the managerial operations of Simply Natural, including the policies and practices concerning employees.

10. At all times herein pertinent, the Defendant Brach controlled the terms and conditions of employment, supervised employees, made decisions as to hiring and firing, and determined the rate and method of the payment of wages with respect to the Plaintiff and those similarly situated.

11. At all times herein pertinent, Defendants were engaged in an industry having an affect on commerce within the meaning of 29 U.S.C. § 203.

12. At all times hereinafter pertinent, the Defendant Simply Natural was an industry engaged in commerce.

13. Upon information and belief, for at each of the calendar years from 2009 to 2011, inclusive, the gross receipts of Simply Natural were not less than $500,000.

14. At all times herein pertinent, the Defendant Brach acted as the employer of the Plaintiff and those similarly situated within the meaning of the FLSA and the NYLL.

### *JURISDICTION AND VENUE*

15. Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et. seq., and Plaintiff relies upon 28 U.S.C. § 1367 to invoke Supplemental Jurisdiction with respect to the state law claims which form another basis for recovery upon the same factual nexus, specifically Articles 6 & 19 of the Labor Law. Additionally, this Court has the authority to issue declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202.

16. Venue is based upon 28 U.S.C. § 1391(b)(1), insofar as at least one of the defendants resides within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

## *COLLECTIVE ACTION ALLEGATIONS*

17. Plaintiff brings the First Cause of Action pursuant to the FLSA, on behalf of himself and those similarly situated past and present employees who performed cleaning services and/or packaged chocolate products for the Defendants while employed at the defendant Simply Natural facility at 74 Mall Drive, Commack, New York, who elect to opt into this Collective Action.

18. The Defendants named herein are liable under the FLSA for failing to compensate the Plaintiff in accordance with Federal overtime guidelines. Upon information and belief, there are many similarly situated current and former employees of the Defendants who are owed back wages pursuant to the FLSA for overtime violations who would benefit from the issuance of Court ordered and supervised notice of the instant action, permitting them to join this lawsuit. Those similarly situated employees are known to the Defendants, are otherwise identifiable, and can, upon information and belief, be located through the Defendants' records. This Court, in its discretion, can order the appropriate form of notice pursuant to 29 U.S.C. § 216(b).

## *NEW YORK CLASS ACTION ALLEGATIONS*

19. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Plaintiff herein brings the Second and Third Causes of Action under the NYLL on behalf of himself and a class similarly situated; namely:

> All persons employed by Simply Natural Foods LLC based out of 74 Mall Drive, Commack, New York, who performed cleaning maintenance duties and/or worked as packers between the period of April 2, 2006 and the date of final judgment in this Class Action.

20. Excluded from the aforementioned Class are the Defendants, their legal representatives, heirs, officers, assigns and successors, or any individual who at any time during the class period had a controlling interest in the defendant Simply Natural, or acted as a *bona fide* supervisor.

21. Upon information and belief, the members of this class will exceed 100 people making joinder impracticable. The precise number of members is not known at this point because such knowledge is exclusively available to the Defendants.

22. There are common questions of law and fact that exist as to a Class that predominate over any questions affecting class members individually which include, but are not limited to:

i) whether the Defendants engaged in a pattern and practice of failing to pay the class members the overtime wages at a premium rate in violation of the NYLL;

ii) whether the Defendants engaged in a pattern and practice of failing to pay Class Members for spread of hours pay in violation of the NYLL;

iii) whether the Defendants failed to comply with the posting requirements with respect to wages in violation of the NYLL;

iv) whether in accordance with the requirements of the NYLL the Defendants kept adequate records with respect to wages it paid to its employees; and

v) whether in accordance with the requirements of the NYLL the Defendants furnished the Plaintiff and those similarly situated with statements of wages that were compliant with the law.

23. The typicality requirement is met insofar as the claims of the named Plaintiff are typical of the claims of the New York Class they seek to represent. The statutory and regulatory protections afforded by the NYLL asserted herein are applicable to and protective of the named plaintiffs and Class Members. The named Plaintiff, as well as the Class Members, have all been injured as a result of Defendants' policy and practice of violating such provisions.

24. Plaintiff will fairly and adequately represent and protect the interests of all Class Members. The named Plaintiff's claims are typical of the claims belonging to all Class Members, and there is no conflict between the Plaintiff and the Class Members. Additionally, the named Plaintiff has retained competent counsel who is experienced in complex litigation.

25. With notions of fairness and efficiency in mind, a class action is the superior method of adjudicating this litigation. The named Plaintiff and Class Members are and were victims of the same policy and practice, instituted by the same Defendants, which violated the same wage provisions of the NYLL. The individual damages sustained by Class Members are small in comparison to the cost likely to be incurred in prosecuting this litigation, making a unitary action more efficient. Upon information and belief, many of the individual Class Members do not have the financial resources to adequately prosecute this claim, and absent a class action they would not have any redress. Furthermore, unitary litigation will ensure a consistent verdict and otherwise obviate the need for duplicative litigation.

26. In accordance with the Federal Rules of Civil Procedure 23(b)(3) this action can be maintained as a class action.

## *INDIVIDUAL PLAINTIFF*

27. The individual plaintiff was an employee of the Defendants, and each of them, whose employment entailed providing cleaning and/or maintenance services at the chocolate packaging plant. He seeks to bring this claim on his own behalf as well as on behalf of those similarly situated employees.

## ***PLAINTIFF MEJIA'S FACTUAL ALLEGATIONS***

28.     Plaintiff Mejia was hired by the Defendants in or about November 1, 2010 and was employed until on or about January 13, 2012. Plaintiff's work for the defendants entailed providing cleaning services and general maintenance on the premises where the packers worked packaging chocolate products.

29.     At all times pertinent herein, Plaintiff regularly handled goods in interstate commerce, such as cleansers, cleaning apparatuses, and other goods and supplies produced outside the State of New York.

30.     Plaintiff Mejia's duties did not entail the exercise of independent judgment or discretion.

31.     Throughout his employment Plaintiff's work schedule was 6 days per week, Sunday through Friday, but he had two variations in hours; from November 1, 2010 until approximately March 1, 2011, he worked from approximately 7 AM to 9 PM and from approximately March 2, 2011 until January 13, 2012, he worked from approximately 7 AM to 7 PM.

32.     No notification, either in the form of posted notices or otherwise, was ever provided to Plaintiff Mejia regarding overtime and wages as required under the FLSA and NYLL.

33. The named Plaintiff was injured insofar as he did not receive any overtime premium, nor did he receive split-shift/spread of hours pay.

### *AS AND FOR A FIRST CAUSE OF ACTION*
### *FEDERAL FAIR LABOR STANDARDS ACT*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(OVERTIME)*

34. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

35. In violation of 29 U.S.C. §§ 207, 216(b) the Defendants have failed to pay Plaintiff, and other members of this Collective action, overtime pay at premium rate of one and one half times their regular rate of pay.

36. The Defendants' violation of the aforementioned was intentional, knowing, willful and in bad faith.

37. All of the foregoing constituted willful and repeated violations, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

### *AS AND FOR A SECOND CAUSE OF ACTION*
### *NEW YORK STATE LABOR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(OVERTIME)*

38. The Named Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

39. The Defendants herein knowingly, willfully and in bad faith violated Article 6 & 19 of the NYLL and its accompanying regulations, namely 12 NYCRR §142-2.2, by failing to pay Plaintiff and his similarly situated Class members overtime pay at premium rate of at least one and one half times their regular rate of pay.

## *AS AND FOR A THIRD CAUSE OF ACTION*
## *NEW YORK STATE LABOR LAW*
## *AGAINST THE DEFENDANTS, AND EACH OF THEM*
## **(SPREAD-OF-HOURS & SPLIT-SHIFT PAY)**

40. The Named Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

41. The Defendants herein knowingly, willfully and in bad faith violated Articles 6 & 19 of NYLL, and more particularly 12 NYCRR § 142-2.4, by failing to pay Plaintiff and the other similarly situated Class Members one hour's pay at minimum wage rate for each day during which there was a split shift and/or the spread of hours exceeded 10 hours.

## ***PRAYER***

***WHEREFORE***, plaintiff, individually and on behalf of other persons similarly situated, prays for relief as follows:

    A.    That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised Notice, been employed by the Defendants providing cleaning services and/or packaging chocolate products; and further, that such persons shall be informed that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied their duly earned wages;

    B.    That, pursuant to FLSA's statutory and regulatory scheme, that this Court award unpaid overtime pay, and an additional equal amount in liquidated damages;

    C.    That, this Court, pursuant to FLSA § 217, enjoin the Defendants from further violating the defendants from further violating the FLSA;

    D.    That, this Court declare that the Defendants' violation of FLSA's overtime provisions was knowing and willful;

E. That, pursuant to NYLL's statutory and regulatory scheme, that this Court award unpaid overtime pay and spread of hours pay;

F. That, pursuant to NYLL, that this Court enjoin the Defendants from further violating the applicable State wage and hour laws;

G. That, this Court certify this case as a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

H. That, this Court designate Plaintiff as a Class representatives, and designate the undersigned as Class Counsel;

I. That the undersigned be awarded reasonable attorneys' fees and the costs of this action; together with

J. pre-judgment interest and post-judgment interest; and

K. any further relief that this Court may deem just, proper and equitable.

Dated: New York, New York
March 27, 2012

Respectfully submitted,
LAW OFFICES OF WILLIAM CAFARO

_____
William Cafaro (WC2730)
Attorneys for Plaintiffs
19 West 44th Street, Ste. 1500
New York, New York 10036
(212) 583-7400
File No. 52665

TO:

SIMPLY NATURAL FOODS LLC, d/b/a SIMPLY NATURAL FOODS
74 Mall Drive
Commack, NY 11725

ABRAHAM BRACH
74 Mall Drive
Commack, NY 11725

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ANIVAL MEJIA, Individually and on                       Case No.
Behalf of All Other Past and Present Similarly
Situated Employees,

                    Plaintiffs,

    -vs.-

SIMPLY NATURAL FOODS LLC d/b/a SIMPLY
NATURAL FOODS, and ABRAHAM BRACH,

                    Defendants.
------------------------------------------------------------------------X


**COMPLAINT (CLASS ACTION)**


LAW OFFICE OF WILLIAM CAFARO
Attorneys for Plaintiffs
19 West 44th Street, Ste. 1500
New York, New York 10036
(212) 583-7400
File No. 52665